11-3162-ag
Devsani v. Holder

BIA
Montante, IJ
A074 857 273/274

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:
>
> GUIDO CALABRESI,
> REENA RAGGI,
> DENNY CHIN,
>    *Circuit Judges.*

———————————————————————————

PANKAJ PRAVIN DEVSANI,
ASMITHA PANKAJ DEVSANI,
   *Petitioners,*

   v.                                         11-3162-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

———————————————————————————

FOR PETITIONERS:       Judy Resnick, Esq., Far Rockaway, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Pankaj Pravin Devsani and Asmitha Pankaj Devsani, husband and wife and natives and citizens of India, seek review of a July 6, 2011 order of the BIA affirming the July 14, 2010 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying their motions to rescind *in absentia* removal orders and reopen their proceedings. *In re Pankaj Pravin Devsani*, Nos. A074 857 273/274 (B.I.A. July 6, 2011), *aff'g* Nos. A074 857 273/274 (Immig. Ct. Buffalo, N.Y. July 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of motions to rescind or reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

A deportation order entered *in absentia* may be rescinded if the alien shows he did not receive notice of the removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii);

2

*accord Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006). In this case, the IJ reasonably determined that the petitioners received notice of their hearing because (1) they received written Notices to Appear specifying the hearing date, which they signed to acknowledge that they received oral notice of their contents; and (2) reports written by the border patrol agents who arrested the petitioners indicated that the agents had been able to communicate with them in English and Hindi. The petitioners had no right to receive notice in Gujarati, which they asserted was their "best language," Pet'rs Br. 14, since they received adequate oral and written notice. *See Lopes*, 468 F.3d at 85 (noting that the governing statute does not require that an alien receive notice in any particular language).

Because petitioners did not deny that they received notice of their hearing's date and time, but only complain of the language in which it was communicated, petitioners failed to demonstrate that they did not receive notice, see 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(a)(1), no evidentiary hearing was necessary to resolve disputed issues of fact. Moreover, the

3

BIA applied the proper standard of review on appeal, reviewing the IJ's factual findings for clear error and its legal conclusions *de novo*. *See* 8 C.F.R. § 1003.1(d)(3)(i), (ii). In sum, the agency did not abuse its discretion, or deprive the petitioners of due process, in denying their motions to rescind because they received notice of their removal hearing.

Insofar as the petitioners sought reopening based on their desire to apply for adjustment of status, the agency did not abuse its discretion in denying their motion to reopen as untimely. Generally, motions to reopen must be filed within 90 days of a removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioners' motions were filed over ten years after their *in absentia* removal orders, and they did not present circumstances that would excuse their motion from that time limit to the agency. We do not have jurisdiction to review the BIA's discretionary decision not to reopen proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Finally, the agency's decision in this case did not deprive the petitioners of due process. Petitioners received "a full and fair opportunity to present [their]

4

claims" by presenting evidence with their motions, thus eliminating their procedural due process claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Nor were petitioners' substantive due process rights violated. The agency's decision to deny their motion to reopen as untimely and to decline to reopen *sua sponte* was not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *See Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk